01

02

03

04

05

06                             UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
07                                      AT SEATTLE

08  AMRIT CHATELAIN,                          )     CASE NO. C07-0489-MJP
                                              )
09                  Petitioner,               )
                                              )
10        v.                                  )     REPORT AND RECOMMENDATION
                                              )
11  A. NEIL CLARK, Field Office Director of U.S. )
    Immigration and Customs Enforcement,      )
12                                            )
                    Respondent.               )
13  _____ )

14               I.  <u>INTRODUCTION AND SUMMARY CONCLUSION</u>

15        Petitioner Amrit Chatelain, proceeding pro se, has filed a Petition for Writ of Habeas

16  Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by the U.S.

17  Immigration and Customs Enforcement ("ICE").  (Dkt. #6).  Petitioner argues that his continued

18  detention without bond violates his due process rights and that he is entitled to release under

19  Section 236 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226, because he is not

20  a flight risk or a danger to society.  Respondent has moved to dismiss, arguing that petitioner is

21  lawfully detained under INA § 241(a), 8 U.S.C. §1231(a), which allows for continued detention

22  at the discretion of the Attorney General after a final order of removal has been issued.  (Dkt.

REPORT AND RECOMMENDATION
PAGE -1

01 | #13).

02 |   Having carefully reviewed the entire record, I recommend that petitioner's habeas petition

03 | (Dkt. #6) be DENIED and respondent's motion to dismiss (Dkt. #13) be GRANTED.

04 |   II. <u>BACKGROUND AND PROCEDURAL HISTORY</u>

05 |   Petitioner is a native and citizen of India who entered the United States on July 23, 1983,

06 | as a Lawful Permanent Resident as the adopted son of United States citizens.[1]  (Dkt. #12 at L1-2,

07 | L24).  Petitioner never naturalized to become a United States citizen.  On September 1, 1998,

08 | petitioner was convicted in the Circuit Court of the State of Oregon for Multnomah County for

09 | the offense of delivery of a controlled substance in violation of Oregon Revised Statute

10 | 475.992(1), and was sentenced to 24-months probation.  (Dkt. #12 at L57-60).  On March 23,

11 | 1999, petitioner was found to have violated his probation and was sentenced to 30 days in prison.

12 | (Dkt. #12 at L56).  On January 19, 2000, his probation was revoked and he was sentenced to five

13 | months in prison.  (Dkt. #12 at L55).

14 |   Petitioner came to the attention of ICE while he was incarcerated with the State of Oregon

15 | Department of Corrections for a conviction of burglary in the second degree.  (Dkt. #12 at R121).

16 | On April 27, 2006, ICE served petitioner with a Warrant for Arrest of Alien, a Notice of Custody

17 | Determination, and a Notice to Appear ("NTA"), placing him in removal proceedings and charging

18 |

19 |   [1] The Court notes for the record that petitioner refers to events and circumstances in his
20 | habeas petition that appear to involve immigration proceedings not involving the petitioner. For
   | example, petitioner states that he is "a 21-year-old man who has been locked in a prison cell for
21 | some 24 months," even though petitioner is 31 years old and has been detained for 16 months.
   | (Dkt. #6 at 8).  In addition, petitioner refers to findings by a Magistrate Judge, even though no
22 | such findings have been made in this case. (Dkt. #6 at 4).  Petitioner's misstatements, however,
   | are immaterial to resolving his claims for relief.

REPORT AND RECOMMENDATION
PAGE -2

01  him with removability under INA § 237(a)(2)(A)(iii), for having been convicted of an aggravated

02  felony as defined in INA § 101(a)(43)(B).  (Dkt. #12 at L35-37, R91).  The Notice of Custody

03  Determination indicated that ICE had determined that petitioner would remain detained pending

04  his immigration proceedings.  (Dkt. #12 at L33).  On June 26, 2006, petitioner appeared, with

05  counsel, for a master hearing before an Immigration Judge ("IJ"), who denied petitioner release

06  on bond.  (Dkt. #12 at L66, L77).  Petitioner filed an application for asylum, withholding of

07  removal, and protection under the Convention Against Torture ("CAT").  On September 6, 2006,

08  after a removal hearing, the IJ denied all relief and ordered petitioner removed to India based on

09  the charges contained in the NTA.  (Dkt. #12 at L184, L187).  Petitioner appealed the IJ's

10  decision to the Board of Immigration Appeals ("BIA").  On December 19, 2006, the BIA affirmed

11  the IJ's decision and dismissed the appeal, finding that petitioner's conviction of an aggravated

12  felony rendered him removable and ineligible for asylum.  (Dkt. #12 at L185-87).  The BIA also

13  concluded that the IJ had properly denied petitioner's request for withholding of removal because

14  he had not demonstrated a clear probability of persecution on account of his social group or any

15  other listed reason.  *Id.*  Finally, the BIA concluded that petitioner was not entitled to relief under

16  the CAT, because the record does not show that it is more likely than not he would be tortured

17  in India.  *Id.*  Accordingly, petitioner's order of removal became administratively final on

18  December 19, 2006.  *See* INA § 101(a)(47)(B), 8 U.S.C. § 1101(a)(47)(B).

19       On January 18, 2007, petitioner filed a petition for review of the BIA's decision with the

20  Ninth Circuit Court of Appeals, and a motion for stay of removal.  Under Ninth Circuit General

21  Order 6.4(c)(1), this caused a temporary stay of removal to automatically issue.  *See Chatelain*

22  *v. Gonzales*, No. 07-70219 (9th Cir. filed Jan. 18, 2007).  Petitioner's petition for review remains

REPORT AND RECOMMENDATION
PAGE -3

01  pending in the Ninth Circuit.

02      On January 19, 2007, ICE notified petitioner that his detention status would be reviewed

03  on or about March 19, 2007, and that he could submit any documentation he wished to be

04  reviewed in support of his release.  (Dkt. #12 at R133).  Petitioner did not submit any

05  documentation for review.  (Dkt. #12 at R136).  On April 3, 2007, petitioner filed the instant

06  Petition for Writ of Habeas Corpus, challenging his continued detention.  (Dkt. #6).

07      On April 17, 2007, ICE completed a Post Order Custody Review of petitioner's case.

08  (Dkt. #12 at R134-42).  The reviewing officer recommended continued detention, stating that

09  petitioner

> appears to be a flight risk at this time, in that he would probably not appear for
> removal if his Ninth Circuit Court of Appeals Petition for Review were dismissed.
> This is based on [petitioner's] extensive and serious criminal record, his lack of work
> experience, and his lack of documentation of rehabilitation and/or plans for his life.
> It is also based on his extensive criminal history prior to his first encounter by ICE and
> his propensity to re-offend.  Accordingly, it is recommended that [petitioner] remain
> detained until a decision is made on his case by the US Court of Appeals for the Ninth
> Circuit.

15  (Dkt. #12 at R135).  On April 26, 2007, ICE Field Office Director A. Neil Clark followed the

16  recommendation and informed petitioner that he would continue to be detained in the custody of

17  ICE pending the result of his petition for review.  (Dkt. #12 at R144).

18      On May 17, 2007, respondent filed a Return Memorandum and Motion to Dismiss.  (Dkt.

19  #13).  Petitioner did not file a response.  The habeas petition and motion to dismiss are ready for

20  review.

21  / / /

22  / / /

REPORT AND RECOMMENDATION
PAGE -4

01                                                          III.  <u>DISCUSSION</u>

02          A.        <u>The Removal Period Has Not Yet Begun, and Petitioner is Lawfully Detained Pursuant to INA § 236</u>.

04        Section 236 of the INA provides the framework for the arrest, detention, and release of

05 aliens in removal proceedings.  Once removal proceedings have been completed, the detention and

06 release of aliens shifts to INA § 241, 8 U.S.C. § 1231.  The determination of when an alien

07 becomes subject to detention under Section 241 rather than Section 236 is governed by Section

08 241(a)(1).  INA § 241(a)(1)(B) provides that:

09        The <u>removal period</u> begins on the <u>latest</u> of the following:

10        (i) The date the order of removal becomes administratively final.

11        (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.

12

13        (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

14 8 U.S.C. § 1231(a)(1)(B)(emphasis added).  Thus, pursuant to Section 241(a)(1)(B)(ii), where

15 a court issues a stay of removal pending its review of an administrative removal order, the alien

16 continues to be detained under Section 236 until the court renders its decision.     *See Ma v.*

17 *Ashcroft,* 257 F.3d 1095, 1104 n.12 (9th Cir. 2001) (stating, "[i]f the removal order is stayed

18 pending judicial review, the ninety day period begins running after the reviewing court's final

19 order."); *see also Tijani v. Willis,* 430 F.3d 1241, 1242 (9th Cir. 2005) (ordering the release of

20 petitioner who had been detained pending appeal for two years and eight months under INA §

21 236(c)); *Martinez-Jaramillo v. Thompson*, 120 Fed. App'x 714, 717 (9th Cir. 2005) (holding that

22 where a stay of removal is granted pending judicial review, INA § 236 provides the statutory basis

REPORT AND RECOMMENDATION
PAGE -5

01    for detention); *Martinez v. Gonzales,* __ F. Supp. 2d __, 2007 WL 2402737, at *5 (C.D. Cal.

02    Aug. 17, 2007) (holding that because a petition for review of petitioner's final order of removal

03    is pending before the Ninth Circuit and a stay of removal remains in effect, section 1231 does not

04    govern petitioner's detention); *Kothandaraguipathy v. Dep't of Homeland Sec.*, 396 F. Supp. 2d

05    1104, 1107 (D. Ariz. 2005) (holding, "detention is pursuant to the pre-removal order detention

06    statute, 8 U.S.C. § 1226, rather than the post-removal order detention statute, 8 U.S.C. § 1231"

07    when § 1231(a)(1)(B)(ii) applies to delay commencement of the removal period); *Quezada-Bucio*

08    *v. Ridge*, 317 F. Supp. 2d 1221, 1224 (W.D. Wash. 2004) (same).  Here, the Ninth Circuit has

09    issued a stay of removal pending its review of petitioner's removal order, and the petition for

10    review remains pending.  "Because Petitioner's removal order has been stayed by the Ninth Circuit

11    pending its review of the BIA's decision, the 'removal period' has not yet commenced, and

12    Petitioner therefore is detained pursuant to INA § 236."  *Quezada-Bucio*, 317 F. Supp. 2d at

13    1224.

14         Respondent argues that the removal period commenced on December 19, 2006, when

15    petitioner's order of removal became administratively final, and that he is therefore detained under

16    INA § 241.  Respondent further argues that the removal period has been extended under INA §

17    241(a)(1)(C) because petitioner acted to prevent his removal by seeking a stay of removal.  (Dkt.

18    #13 at 4-5).  Contrary to respondent's argument, this Court has repeatedly held that when the

19    Ninth Circuit enters a stay of removal pending its review of an administratively final order of

20    removal, the alien continues to be detained under INA § 236 until the Ninth Circuit renders its

21    decision.  *See Quezada-Bucio*, 317 F. Supp. 2d at 1224;   *see also Rodriguez-Carabantes v.*

22    *Chertoff*, No. C06-1517Z, 2007 WL 1268500, at *3-5 (W.D. Wash. May 1, 2007); *Middleton v.*

REPORT AND RECOMMENDATION
PAGE -6

01  *Clark*, No. C06-1324RSM, 2007 WL 1031725, at *1 (W.D. Wash. April 2, 2007); *Prieto-Romero*

02  *v. Clark*, No. C07-784RSL, 2007 WL 565872, at *1 (W.D. Wash. February 16, 2007); *Roque v.*

03  *Chertoff*, No. C06-0156TSZ, 2006 WL 1663620, at *3 (W.D. Wash. June 12, 2006).  As noted,

04  where a "removal order is judicially reviewed and if a court orders a stay of the removal of the

05  alien," the removal period does not begin until "the date of the court's final order."  INA §

06  241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii).  Because the removal period has not commenced

07  by virtue of INA § 241(a)(1)(B)(ii), Section 241(a)(1)(C) is inapplicable.  Thus, neither provision

08  governs petitioner's detention in this case.

09          Respondent cites several cases in support of his argument, (Dkt. #13 at 6), however,

10  "[t]hese cases are either inapposite or offer analyses that this Court has repudiated."  *Rodriguez-*

11  *Carabantes*, No. C06-1517Z, 2007 WL 1268500 at 3-4 (rejecting *Glassia v. Coleman*, No. C02-

12  1222 (W.D. Wash. February 3, 2003) (Rothstein, J.); *Akinwale v. Ashcroft*, 287 F.3d 1050 (11th

13  Cir. 2002); *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359 (N.D. Ga. 2002); *De La Teja v. U.S.*, 321

14  F.3d 1357 (11th Cir. 2003); *Kayrouz v. Ashcroft*, 261 F. Supp. 2d 760 (E.D. Ky 2003)).  Here,

15  the Court similarly rejects respondent's argument.  The Court concludes that the removal period

16  has not yet begun, and that petitioner is detained pursuant to INA § 236(a).

17          Under INA § 236(a) respondent has discretion to decide whether an alien should be

18  detained, released on bond, or released on conditional parole upon a finding of flight risk and

19  danger to the community.  INA § 236(a), 8 U.S.C. § 1226(a).  Factors considered include: (1) the

20  nature and number of disciplinary infractions received while incarcerated or detained; (2) the

21  nature and severity of the alien's convictions, sentences imposed, parole history, recidivism, and

22  other criminal history; (3) psychiatric and psychological reports; (4) evidence of rehabilitation; (5)

REPORT AND RECOMMENDATION
PAGE -7

01  ties to the United States; (6) prior immigration violations; (7) flight risk, including history of

02  escapes and failures to appear; (8) other information that is probative of whether the alien is likely

03  to endanger the community or violate his or her release conditions. *See* 8 C.F.R. § 241.4(f).

04      Here, the administrative record indicates that respondent considered these factors when

05  reviewing petitioner's custody status.  As indicated above, the ICE reviewing officer noted that

06  petitioner had an extensive and serious criminal history, including charges of burglary, robbery,

07  assault, attempt to elude police, sale of cocaine, possession of controlled substances, and

08  numerous driving offenses.  (Dkt. #12 at R135).  In addition, the reviewing officer noted

09  petitioner's lack of work experience, his lack of documentation for his plans for life, his lack of

10  documentation of rehabilitation, and his propensity to re-offend.  *Id.*  Accordingly, the Court finds

11  that petitioner's detention was implemented in a fair manner and does not violate procedural due

12  process requirements.  Petitioner alleges that ICE never provided him a custody review or

13  afforded him an opportunity to present evidence in support of his release.  (Dkt. #6 at 9-10, 21).

14  The administrative record belies petitioner's assertion.  On January 19, 2007, ICE hand served on

15  petitioner a Notice to Alien of File Custody Review.  This Notice informed petitioner that his

16  custody status would be reviewed on March 19, 2007, and that he could submit any

17  documentation he wished to be reviewed in support of his release.  (Dkt. #12 at R132-33).

18  Petitioner, however, declined to submit any documentation for review.  (DKt. #12 at R136).

19  Thus, not only was petitioner provided an individualized review, he was specifically given an

20  opportunity to submit evidence in support of his release.[2]

21  _____

22      [2] To the extent petitioner challenges the discretionary decision the Attorney General has
made regarding his flight risk and danger to society, such determination is not subject to judicial

REPORT AND RECOMMENDATION
PAGE -8

01    Petitioner further contends that his prolonged, indefinite detention is unlawful under the

02 Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. at 678. (Dkt. #6 at 8-9). In *Zadvydas*,

03 the Supreme Court considered whether the post-removal-period statute, INA § 241(a)(6),

04 authorizes the government "to detain a removable alien *indefinitely* beyond the removal period or

05 only for a period *reasonably necessary* to secure the alien's removal." *Id.* at 682. The petitioners

06 in *Zadvydas* could not be removed because no country would accept them. Thus, removal was

07 "no longer practically attainable," and the  period of detention at issue was "indefinite" and

08 "potentially permanent." *Id.* at 690-91. The Supreme Court held that INA § 241(a)(6), does not

09 permit indefinite detention, and established a presumptively reasonable six-month period of

10 detention under INA § 241(a). *Id.* at 700-01. After this six-month period, the alien is eligible for

11 conditional release upon demonstrating that there is "no significant likelihood of removal in the

12 reasonably foreseeable future." *Id.* at 701.

13    Petitioner's reliance on *Zadvydas* is misplaced because, as discussed above, the removal

14 period has not yet commenced.  Moreover, petitioner has not demonstrated that his removal to

15 India is not significantly likely in the reasonably foreseeable future.  The only obstacle preventing

16 petitioner's removal is his Petition for Review and related stay of removal.  Once the Ninth Circuit

17 decides his appeal, ICE will remove or release petitioner.  Thus, contrary to the petitioners'

18 detention in *Zadvydas*, petitioner's detention is neither "indefinite" nor "potentially

19

20 review. *See* INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B); INA § 236(e), 8 U.S.C. § 1226(e);
*see also Zadvydas v. Davis*, 533 U.S. 678, 688, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001) ("The
21 aliens here, however, do not seek review of the Attorney General's exercise of discretion; rather,
they challenge the extent of the Attorney General's authority under the post-removal-period
22 detention statute.  And the extent of that authority is not a matter of discretion.").

REPORT AND RECOMMENDATION
PAGE -9

01 permanent." *See Zadvydas*, 533 U.S. at 691.

02         Petitioner also argues that he is entitled to release under the Ninth Circuit's decisions in

03 *Nadarajah v. Gonzales,* 443 F.3d 1069 (9th Cir. 2006); and *Tijani v. Willis*, 430 F.3d 1241 (9th

04 Cir. 2005). Petitioner's reliance on *Nadarajah* and *Tijani* is also misplaced. In *Nadarajah*, the

05 Ninth Circuit found that the five-year detention of an alien under the general immigration detention

06 statutes, 8 U.S.C. § 1225(b)(1)(B)(ii) and (b)(2)(A), pending the completion of his removal

07 proceedings was unreasonable. *Nadarajah*, 443 F.3d at 1080-81. In that case, the IJ had granted

08 the petitioner deferral of removal under the CAT, which was unchallenged, and asylum, which had

09 been affirmed by the BIA, and the case had been certified to the Attorney General. Applying the

10 reasoning of *Zadvydas*, the Ninth Circuit found that there was no significant likelihood of removal

11 in the reasonably foreseeable future in light of the fact that the petitioner had been awarded asylum

12 twice, as well as protection under the CAT. *Id.* In the present case, by contrast, the IJ found

13 petitioner removable and ineligible for relief from removal, and the BIA affirmed that decision.

14 Further, unlike *Nadarajah*, the length of petitioner's detention is not due to the Attorney General's

15 delay, but to petitioner's petition for review and related stay of removal. Accordingly,*Nadarajah*

16 does not support petitioner's claim for release from detention.

17         In *Tijani*, the petitioner had been subject to mandatory detention under INA § 236(c) for

18 over two years and eight months and was likely to be detained for another year or more while his

19 petition for review was pending before the Ninth Circuit. The Ninth Circuit remanded the case

20 to the district court with directions to grant the writ of habeas corpus unless the government

21 provides the petitioner with a bond hearing before an immigration judge or establishes that he is

22 a flight risk or a danger to the community. *Id.* at 1242. Here, however, petitioner is not detained

REPORT AND RECOMMENDATION
PAGE -10

01  pursuant to INA § 236(c).  Further, petitioner received an individualized bond determination

02  before an Immigration Judge and petitioner's custody status was reviewed by ICE, although

03  petitioner apparently declined to participate.  Accordingly, petitioner's current detention is lawful,

04  and there is no basis for this Court to order that petitioner be released.

05                                    IV.  CONCLUSION

06          For the foregoing reasons, I recommend that respondent's motion to dismiss be granted,

07  and that the action be dismissed.  A proposed Order accompanies this Report and

08  Recommendation.

09          DATED this 11th day of September, 2007.

10

11                                    _____
                                      Mary Alice Theiler
12                                    United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -11